KING, DEMANDANTE Y APELANTE, *v*. FERNÁNDEZ ET AL.,
DEMANDADOS Y APELADOS.

No. 3227.—*Visto:* Marzo 13, 1924.    *Resuelto:* Noviembre 6, 1924.

ACCESIÓN—EDIFICACIÓN EN SUELO AJENO—ELECCIÓN DEL DUEÑO DEL TERRENO.—
En los casos comprendidos en el artículo 370 del Código Civil el dueño del terreno está obligado a elegir entre adquirir la obra y vender el terreno; y en el primer caso deberá pagar el importe de los gastos necesarios y útiles al poseedor de la obra, aún cuando éste no la construyera, suponiendo que sus causantes la hicieran.    Hasta tanto tal elección se haga dicho poseedor no está obligado a actuar ni, por consiguiente, a desalojar la finca; por lo que, faltando tal elección, su posesión no adquiere el carácter de mala fe por el hecho de haberse presentado una acción reivindicatoria.

RESUELTO EN RECONSIDERACIÓN: Febrero 17, 1925.

ACCESIÓN—EDIFICACIÓN EN SUELO AJENO—ELECCIÓN DEL DUEÑO DEL TERRENO—
ELECCIÓN CATEGÓRICA.—La elección que debe hacer el dueño del terreno en los casos del artículo 370 del Código Civil debe ser categórica e incondicional para que pueda obligar al poseedor de la obra.

RESOLUCIÓN de *Charles E. Foote,* J. (San Juan, Primer Distrito), declarando sin lugar petición presentada para regular la situación legal de una casa fabricada en suelo ajeno.    *Confirmada.*

*H. G. Molina*, abogado del apelante; *M. M. Ginorio*, abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En mayo 31, 1922, en el pleito principal seguido entre las mismas partes, esta corte revocó la sentencia dictada por la Corte de Distrito de San Juan. Nuestra sentencia reivindicaba la propiedad al demandante pero declaraba no haber lugar al pago de daños y perjuicios. La referida sentencia contenía un pronunciamiento de que la cuestión de daños había de regularse por el artículo 370 del Código Civil.

Habiendo presentado el demandante victorioso una moción de reconsideración para obtener una declaración sobre pago de daños y perjuicios, esta corte emitió una opinión y dictó resolución desestimando la moción. En esta opinión declaramos como hecho que la mala fe de los demandados no fué demostrada y que la casa en cuestión fué comprada a una persona que en el registro aparecía como dueña. La cuestión de mala fe, por tanto, quedó completamente resuelta a favor de los demandados, convertida en la ley del caso y en tanto cualesquiera reclamaciones del demandante puedan ahora fundarse en la alegada mala fe, deben ser ignoradas. El demandante había sido oído en corte sobre ese hecho y aun suponiendo que esta corte cometió error, existe un completo impedimento por razón de nuestra sentencia.

Nuestra sentencia disponía que las partes arreglaran sus diferencias de acuerdo con el artículo 370 del Código Civil. Ese artículo dispone lo siguiente:

"Art. 370.—El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 455 y 456 del Capítulo III, Título V, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente.''

Al ser devuelto el caso, el demandante solicitó y obtuvo una orden contra los demandados para mostrar causa por qué no debían en substancia, primero, al prestar la fianza el demandante, desocupar inmediatamente la casa y solar para que el demandante pudiera proceder a derribar la casa y terminar la construcción de las calles; segundo, por qué no debía de resolverse que la construcción de dicha casa no aumentaba en nada el valor de la propiedad, sino al contrario, era un detrimento para el demandante; tercero, por qué la compensación a la cual pudieran tener derecho los demandados no debía limitarse a las reparaciones que habían de hacerse en la casa y no al valor total de la casa; cuarto, por qué la compensación a la cual las partes tendrían derecho mancomunadamente, no debía determinarse una contra la otra; y quinto, por qué las costas de este procedimiento no deben ser impuestas a los demandados.

La corte consideró la petición, expidió una orden para mostrar causa y después de una contestación y vista declaró sin lugar la moción.

En su primer señalamiento de error el demandante menciona el hecho de que el artículo 370 no estaba en *issue* en el caso. Es enteramente cierto que los demandados no levantaron tal cuestión, pero ellos habían ganado su caso en la corte inferior y nosotros revocamos la sentencia a su favor, de modo que la cuestión de beneficios o daños no era de la incumbencia inmediata de los demandados. Sin embargo, el demandante y apelante admite que hubo una reclamación de daños y perjuicios en la demanda original y no tenemos ninguna duda, por tanto, de que en la revocación esta corte podía hacer lo que pudo haber hecho la corte inferior, o sea, considerar los derechos de los demandados e invocar el art. 370, *supra*. El subsiguiente desarrollo de esta opinión creemos que demostrará que tanto la corte inferior como esta corte estaban obligadas a tomar conocimiento del artículo 370 una vez que se llamó la atención del mismo a una u otra corte.

La cuestión principal levantada en apelación es si los demandados tienen derecho a recobrar el valor de la casa erigida en la propiedad. El apelante alega que la corte declaró sin lugar su moción sin emitir una opinión. La contestación de los demandados, en cambio, alegaba claramente que el demandante no ha hecho su elección de si pagará por la casa, u obligará a los demandados a comprar la propiedad. Del texto del artículo 370 y de los varios comentarios de Manresa es evidente que tal elección debe hacerse. Por ejemplo, Manresa en el tomo 3, pág. 208, de sus Comentarios al Código Civil dice así:

"Y como era preciso dar la elección a uno de los dos se concede al dueño del terreno en consideración a ser más antiguo su derecho y más preferente también por el principio de la accesión."

Este extracto de Manresa ha sido tomado de los comentarios que indican que ha habido considerable duda o perplejidad en cuanto a la forma de redactar el antiguo artículo de donde procede el 370 de nuestro actual Código Civil.

El demandante, en vez de hacer la elección de compensar a los demandados por la casa, ha tratado de demostrar que él no debe pagar nada por la referida casa, toda vez que los demandados no la construyeron, porque sus causantes—uno de los cuales construyó la casa—no era poseedor de buena fe, y porque la casa no tiene ningún valor para el demandante. Si está equivocado el demandante, como creemos que lo está al hacer estas defensas, no habiendo hecho la elección de pagar a los demandados por el valor de la casa, la corte inferior no estaba obligada a considerar las reclamaciones relativas de daños y perjuicios o las contrarreclamaciones del demandante.

Los demandados no construyeron la casa sino que fué uno de sus causantes quien la hizo. No hemos podido encontrar ningún caso que envuelva los derechos de un comprador aparente de una casa y finca, donde ésta no pertenecía al vendedor, pero sí la casa. Generalmente de acuerdo

con un principio sobre accesión, el suelo y todo lo que en él está pertenece al dueño, pero la ley civil y el Código Civil ha hecho una excepción en favor de la casa construída de buena fe por un dueño, como lo asevera el artículo 370. Ese artículo igual, si no tácitamente, reconoce el derecho del verdadero dueño y también de un comprador de buena fe. El derecho a las mejoras es inherente a la persona que construye de buena fe y este derecho puede él traspasarlo. El traspaso de toda la propiedad, traspasaba todos los derechos al vendedor. Sostener otra cosa sería dar al verdadero dueño algo por nada. El mero accidente de que el hombre que construyó la casa ha pasado el título de dominio a otra persona, no debe conferir al verdadero dueño ningún derecho que de otro modo no hubiera poseído. Nos sentimos obligados a declarar que un comprador de buena fe sustituye a su vendedor el dueño aparente, y puede reclamar el valor de la casa del verdadero dueño cuando el segundo se presente a reclamar la finca. También puede dudarse si la misma cuestión no fué implícitamente resuelta por la sentencia de esta corte. Estábamos considerando los derechos de los demandados a la casa y agrupamos todas las personas que habían poseído la referida casa.

De acuerdo con nuestra idea de que el demandante no ha hecho la elección de pagar el valor de la casa, podemos decir que ni siquiera ha elegido pagar las mejoras hechas por los actuales demandados. El pidió a la corte que previa prestación de fianza ordenara a los demandados abandonar la finca inmediatamente.

No podemos interpretar la decisión de esta corte como lo hace el demandante. Declaramos, en tanto teníamos derecho a ello—y creemos que hemos demostrado que el derecho existía que la persona que construyó la casa la edificó de buena fe. Dijimos:

"Nada hay en los autos que demuestra la mala fe actual de Quiñones, ni de la Aragunde, ni de los demandados. Aparentemente

ellos actuaron de buena fe y sufrirán por la decisión de este pleito todos o alguno o algunos de ellos verdaderos perjuicios.

"Siendo esto así, creemos que la verdadera justicia en este caso consiste en resolver que la tierra ocupada por los demandados pertenece al demandante y ordenar su entrega y nada más.

"Hay por último, algo que no puede pasar desapercibido a esta corte, y es la casa levantada en el solar ocupado por los demandados. Dicha casa no fué construída por Catlin. Lo fué por quien de buena fe creía que era dueño de la tierra sobre la cual edificaba. Siendo ello así el caso debe regularse por lo prescrito en el Art. 370 del Código Civil."

No vemos cómo estas palabras puedan significar otra cosa que no sea que todos los poseedores de la casa eran dueños de buena fe. Pasando entonces a la alegación del demandante de que la casa no tiene ningún valor para él, a nosotros nos parece muy claro que la conveniencia del demandante no puede convertirse en una regla de ley. Es únicamente un accidente que el demandante desee urbanizar la finca en cuestión y que se alegue que la casa es un obstáculo. Generalmente la regla es como ha sido formulada por el artículo 370; que la casa tiene un valor y es el valor para su poseedor de acuerdo con la norma general de daños y perjuicios, o sea, el valor en el mercado. El artículo 370 tiene en cuenta una indemnización a la persona con derecho a la casa. Es su condición lo que la ley está considerando y no la condición peculiar del dueño del terreno. *Ad ea quae frequentius accidunt jura adptantur.*

El demandante y apelante se queja fuertemente de su privación de la posesión de la finca. Creemos que esta falta de posesión es enteramente su misma falta. Esta corte terminantemente resolvió que el art. 370 era aplicable e indicaba con bastante insistencia, según entendemos, que los demandados tenían derecho a ser indemnizados por la casa con tal que el demandante se resolviera a tomar la finca. El demandante no hizo ninguna elección y lo único que hizo fué indicar que tal vez pagaría a los demandados el valor de las mejoras en alguna ocasión, pero por ahora solicitaba

de la corte que aceptara la fianza. La contención del demandante de que el demandado no era la persona que realmente construyó la casa, fué demasiado restrictiva y no la actitud equitativa que tiene en cuenta el artículo 370.

El demandante también arguye en uno de sus señalamientos de error que la posesión de los demandados era de mala fe—desde la interposición de la demanda. La contestación de los demandados alega que no estaban ellos obligados a entregar la finca hasta que el demandante eligiera asumir su posición de acuerdo con el artículo 370, y nos inclinamos a creer que esta actitud de los demandados es una que está justificada por la ley. En otras palabras, tenemos la idea de que una persona que está en posesión de una propiedad en la cual ha construído una casa de buena fe, no está obligada a mudarse de ella hasta que el verdadero dueño haga la elección requerida por el artículo 370.

Ni vemos tampoco, como sostiene el demandante y apelante, que los arts. 455 y 456 en manera alguna tienen por objeto beneficiar al dueño, sino que en todo su contenido estos artículos, en relación con el 370, están considerando el pago a las personas que han erigido la casa o hecho otras mejoras, los reembolsos de los gastos en que han tenido necesidad de incurrir.

*La resolución apelada debe ser confirmada.*

RESOLUCIÓN DE FEBRERO 17, 1925.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Es cierto que el demandante hasta al fecha de la radicación de la petición no había hecho ninguna elección. El demandante, por supuesto, estaba interesado en recobrar el título a su propiedad y por tanto no notificó originalmente en ningún momento a los demandados de alguna elección. Sostenemos como sugerimos o resolvimos en nuestra opinión principal, que hasta tanto fuera hecha tal elección los demandados no estaban obligados a entregar la propiedad.

No encontramos nada en los comentaristas que nos convenza de que una persona que está en posesión de una casa, cuando es aplicable el artículo 370, esté obligada mientras no se haga una compensación u ofrecimiento en tal sentido, a trasladarse de la propiedad. No vemos que los demandados fueran culpables en manera alguna hasta que se hiciera la elección.

Ahora pide el apelante que esta corte resuelva en ·definitiva el caso y sostiene que el párrafo 8, etc., de la petición alega una elección y que la corte inferior debió haber resuelto el derecho de las partes de conformidad con el artículo 370. En la petición se describía la finca, exponía que este tribunal había resuelto la acción reivindicatoria en favor del demandante y que la inscripción en el registro era nula y el caso había de regularse de acuerdo con el artículo 370 del Código Civil. Entonces, después de citar los artículos 370, 455 y 456 del Código Civil, el peticionario alegó que los demandados no habían construído la casa. La petición pasa entonces a decir lo siguiente:

· ''4. * * * Además adquirieron la propiedad con mala fe porque no ignoráron el vicio en su título o modo de adquirir, pero, de todos modos, dicha casa *no ·era* un gasto necesario, sino, en todo caso, un gasto útil y, por tanto, el demandante tiene la opción de abonar a los demandados el aumento que por la construcción de dicha casa haya adquirido la propiedad del demandante; y alega el demandante que su propiedad no ha sido aumentada en nada como consecuencia de la construcción de dicha casa.

''5. Que el descrito solar indebidamente ocupado por los demandados desde la notificación de la demanda· en este caso, formó y forma parte de una finca mayor del demandante que se extiende desde la calle McLeary al sur, hasta la zona marítima por el norte. Que dicha finca está en una sección de la ciudad de San Juan que ·constante y continuamente se ha venido urbanizando mediante la construcción de numerosas casas en los numerosos solares en que fué dividida por el demandante.''

Más adelante, en los párrafos 6 y 7, el peticionario insistió en que desde la fecha de la interposición de la de-

manda los demandados perdieron su condición de poseedo-
res de buena fe, estaban en posesión de mala fe y debían pa-
gar rentas y frutos. En la petición se hace un cálculo de
estas rentas y frutos ascendentes a $56 por alquiler de la
casa y solar. De modo que el peticionario negó a los de-
mandados cualesquiera derechos a una compensación; no
obstante el criterio mantenido por esta corte en el caso de
*King* v. *Fernández,* 30 D.P.R. 592, negó la buena fe de ellos
y especialmente insistió en que su posesión era de mala fe
desde la radicación de la demanda, cuestiones que fueron
consideradas en nuestra opinión principal. La petición no
aceptaba la condición legal (*status*) que esta corte había
declarado que existía. Con arreglo al artículo 370 los de-
mandados no estaban obligados a dejar la finca hasta que
la elección les fuera realmente notificada. De modo que la
posesión de ellos después de radicarse la demanda no era
una tenencia de mala fe, especialmente toda vez que con
arreglo a dicho artículo 370, un demandado que ha cons-
truído está obligado a comprar el terreno si el dueño así
lo prefiere.

La parte restante de la petición es como sigue:

"8. Si esta corte resolviese, a pesar de los hechos expuestos,
que el demandante está obligado a abonar algo a los demandados
por dicha casa, en vez de ser obligados ellos a quitarla de la pro-
piedad del demandante, entonces el demandante, reservando una
excepción al fallo, elige pagar el importe de los gastos de los de-
mandados en la construcción o compra de dicha casa, cuyo im-
porte debería ser compensado con la suma que los demandados es-
tán obligados a indemnizar al demandante por los frutos percibi-
dos de la propiedad desde que fueron notificados de la demanda
en este caso.

"9. Que los demandados adquirieron dicho solar y casa en enero
26, 1917, por la suma de $1,800.00; y alega el demandante que de
dicho gasto hecho por los demandados, la suma de $800.00 represen-
taba o correspondía a la casa que era y es de madera y de mala o
barata construcción; y el propio demandado, Pedro Bolívar, en 8
de junio de 1917, juró en la Tesorería que dicha casa no valía más

de $720.00, en cuya suma fué tasada por los años económicos de 1918/19, 1919/20, 1920/21 y 1921/22.

"10. Que los demandados desde el día de la notificación de la demanda en este caso, o sea desde el 16 de julio de 1918, perdieron su carácter de poseedores de buena fe y desde dicha fecha han venido en posesión del referido solar y casa como poseedores de mala fe y en tal virtud están obligados a abonar al demandante los frutos naturales o civiles percibidos por ellos de dicha propiedad y los que el poseedor legítimo hubiera podido percibir. Y alega el demandante bajo información y creencia, fundándose en la declaración del propio demandado Bolívar ante esta corte, que los demandados recibieron por alquiler del solar y casa la suma de $56.00 mensuales, y que recibieron ó hubieran podido recibir desde julio, 1918, hasta la fecha, como frutos civiles producidos por dicha propiedad, la suma total de $2,968.00.

"11. Que los demandados, a pesar de la referida sentencia del Tribunal Supremo, declarando al demandante dueño de dicho solar y que los demandados en su consecuencia deben desalojarlo, han continuado en posesión del mismo y, según información y creencia del demandante, lo tienen alquilado, y, en su consecuencia, el demandante se encuentra en la misma situación hoy que el día 18 de julio de 1918, cuando presentó su demanda en esta acción, por más que el Tribunal Supremo ha resuelto que dicho solar es de su propiedad y que el título de los demandados es nulo y debería ser cancelado en el Registro de la Propiedad.

"Por los motivos expresados, el demandante por la presente solicita de la corte se sirva:

"1. Previa prestación de fianza por el demandante, para responder a los demandados de cualquier suma que pudiera ser condenado a pagarles, por el importe de los gastos en la construcción o compra de la referida casa, ordenar a los demandados que desocupen inmediatamente dicha casa y a la vez el solar del demandante, para que éste pueda entrar dentro de su propiedad con el fin de derribar la casa y terminar la construcción de las referidas calles;

"2. Resolver que la construcción de dicha casa en la propiedad del demandante no ha aumentado en nada su valor, sino, al contrario, lo ha depreciado y, por tanto, en virtud de los arts. 370 y 455 del Código Civil, los demandados no tienen derecho a compensación alguna del demandante, pudiendo, sin embargo, llevarse su casa; (reservando una excepción a la resolución de la corte en sentido contrario), y el demandante entonces pide a la corte

"3. Determinar el importe de los gastos de los demandados en la compra de la referida casa, como también el importe de los frutos percibidos por ellos o los que el demandante hubiera podido percibir desde la fecha de la notificación de la demanda en este caso, y después de compensar una suma contra la otra, condenar a la parte que quede en deber a la otra a que pague el saldo que resulte, y

"4. Condenar a los demandados al pago de las costas de este procedimiento, incluyendo los honorarios de abogado, y también dictar cualquier otra resolución que sea propia y equitativa de acuerdo con las circunstancias de este caso."

En el párrafo 8 de la petición, si alguna elección se hizo, sólo había de ser considerada si la corte resolviera las otras contenciones del demandante contra él. En otras palabras, la elección dependía de que la corte inferior dictara una resolución, y en el mismo párrafo se pidió una compensación por los frutos y rentas desde la interposición de la demanda. El demandante, a pesar de la resolución de esta corte en el caso de *King* v. *Fernández, supra,* insistía en que la demandada no había construído la casa y que la posesión de ellos en todo caso era de mala fe. De modo que los demandados aun cuando estuvieran dispuestos a aceptar la elección sin más discusión sobre ella, no podían hacerlo sin seguir litigando la cuestión ya resuelta por esta corte. Si el demandante, según la condición de la ley como fué resuelta por esta corte, deseaba su propiedad, él debió haber hecho en su petición tal ofrecimiento a los demandados, que ellos hubieran quedado obligados a aceptar.

Aunque el peticionario pide a la corte que le conceda cualquier remedio que pudiera ser equitativo y discute la forma de llegar al valor de la casa, es en una forma limitada y sólo después que los demandados hubieran estado obligados a empezar de nuevo sus contiendas.

Quizás si el demandante hubiera aceptado la teoría de esta corte en cuanto a la buena fe de los demandados y no hubiera insistido muy fuertemente en la mala fe de éstos desde la interposición de la demanda, la corte inferior hubiera estado en condiciones de resolver las demás cuestio-

nes, pero la petición y la orden para mostrar causa obligaban al demandado a seguir litigando cuestiones ya resueltas, o en las que estaba envuelta su buena fe. No debe olvidarse que el dueño de una propiedad tiene cierto deber de ser vigilante, a fin de evitar que surja una reclamación pendiente y debe tratar de impedir que otra persona construya en la propiedad.

Dentro de estas circunstancias no vemos que los demandados, o la corte inferior, estuvieran obligados a actuar y por tanto que no debía recaer en esta corte la obligación por primera vez.

Después de todo lo expuesto, la cuestión queda reducida a que el demandante—en la corte de distrito, por supuesto —haga de modo categórico su elección de pagar el precio de la casa, o de exigir al demandado que le pague el justo precio del solar. Nos inclinamos a creer, después de una consideración del asunto, que estábamos equivocados al decir incidentalmente (*obiter*) en nuestra opinión de noviembre 6, 1924, (pág. 759) que los demandados podían recobrar el valor de la casa en el mercado. Lo que los demandados pueden recobrar está fijado en los artículos 455 y 456 del Código Civil, siempre que no exceda del valor actual de la casa en el mercado. Si las partes no llegan a un acuerdo en la fijación del precio, será la corte de distrito la llamada a resolver el conflicto por el resultado de la prueba que le ofrezcan las partes.

*La moción de reconsideración debe ser denegada.*

El Juez Asociado Sr. Hutchison firmó "Conforme con la resolución."