María Echegaray Vda. de Viera, peticionaria, *v.* Tribunal de Distrito de Puerto Rico, Sección de San Juan, Hon. J. M. Calderón, Jr., Juez, demandado; Ramón López, interventor.

Núm. 1884.—*Sometido:* Abril 4, 1951. *Resuelto:* Abril 24, 1951.

*Rafael Soltero Peralta, Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados de la peticionaria; *Abraham Díaz González* y *Raúl Serrano Geyls,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

La aquí peticionaria, María Echegaray Vda. de Viera, inició ante el Tribunal de Distrito de San Juan demanda sobre "Accesión y Cobro de Valor Razonable del Uso de un Solar" contra el interventor Ramón López. Alegó como primera causa de acción ser dueña de una finca rústica situada en el barrio de Hato Rey, en la cual desde hace varios años el demandado, sin tener contrato alguno de arrendamiento con ella, ni con sus antecesores, fabricó una casa y dos ranchos de madera; que interesa adquirir dichas edificaciones, pero que no ha podido ponerse de acuerdo con

el demandado con respecto al valor de los materiales y la mano de obra, los cuales estima que justa y razonablemente valen la suma de $3,000; y como segunda, que ha tratado infructuosamente de ponerse de acuerdo con el demandado para establecer el canon de arrendamiento que éste debe pagarle, siendo el valor justo y razonable del uso y disfrute por parte del demandado de la parcela de terreno que describe la suma de $35 mensuales. Suplica, entre otras cosas, se declare que el título de las edificaciones que el demandado tiene establecidas en la parcela de terreno mencionada pasan por derecho de accesión a ser propiedad de ella, previo el pago al demandado de los materiales y la mano de obra invertidos en las mismas, y que se condene a éste a pagarle la suma de $35 mensuales desde el mes de junio de 1941 hasta la fecha en que le entregue la posesión de dichas edificaciones.

A esa demanda interpuso el demandado una moción para desestimar fundada, en cuanto a la primera causa de acción, en que no se alega que la demandante consignó junto con la demanda una suma razonable para indemnizar al demandado por el costo de los materiales y la mano de obra; y en cuanto a la segunda, en que los hechos alegados son insuficientes para determinar una causa de acción.

Oídas las partes sobre la moción para desestimar, el tribunal inferior dictó resolución declarando la misma con lugar, toda vez que a su juicio era menester alegar en la demanda "que la demandante ha hecho previamente el pago al demandado o que consigna con ella una suma razonable para indemnizar al dueño de lo construído por el costo de los materiales y la mano de obra" y que "esto tiene que ser así porque el artículo 297 del Código Civil requiere la previa indemnización y no el previo ofrecimiento de pago." Con respecto al segundo fundamento de la moción, el tribunal a quo fué de opinión que la demandante no podía reclamar suma alguna por el uso del terreno dentro de un procedimiento de accesión. Empero, a virtud de moción

de reconsideración presentada por la demandante modificó su criterio sobre este segundo fundamento y decidió que en acciones.en que se reclama el derecho de accesión se puede reclamar también una suma razonable por el uso del terreno. Ratificó, sin embargo, su criterio al efecto de que en accio- 'nes en que se ejercita el derecho de accesión es necesario alegar la previa indemnización o consignación. Para revisar esas resoluciones expedimos auto de *certiorari* a instancias de la allí demandante.

■■ Es innegable que en el caso de *Figueroa* v. *Rodríguez*, 68 D.P.R. 266, 271, dijimos por vía de *dictum* que:

"Naturalmente, cuando se construye de buena fe sin el consentimiento del verdadero dueño del solar, éste puede instar su acción reivindicatoria en cualquier momento, mientras que cuando se fabrica a virtud del convenio expreso entre las partes o a virtud ·de un contrato, el dueño del solar no puede iniciar su demanda de accesión sino de conformidad con lo convenido o estipulado. *En uno u otro caso, sin embargo, deberá consignarse con la demanda de accesión una suma razonable para indemnizar al dueño de lo construído por el coste de los materiales y la mano de obra,* no quedando consumada la adquisición ·del título hasta que el demandante cumple su obligación de pagar al edificante la indemnización que por sentencia firme se fije.'' (Bastardillas nuestras.)

Es cierto, asimismo, que en *García* v. *García*, 70 D.P.R. 949, dijimos también a manera de *dictum* a la pág. 957 que:

"Es más, hemos resuelto interpretando el alcance del artículo 297, supra, que *en la demanda debe alegarse que el demandante ha hecho el pago previamente al demandado o que consigna con ella una suma razonable para indemnizar al dueño de lo construído por el costo de los materiales y la mano de obra.*" (Bastardillas nuestras.)

Un estudio detenido de la cuestión nos lleva ahora al convencimiento de que estuvimos equivocados al expresarnos en la forma en que lo hicimos en dichos casos. Veamos:

Según el artículo 297 del Código Civil, ed. 1930:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código([1]) o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

Como se ve, ese artículo concede una alternativa al dueño del terreno sobre el cual se edifica, siembra o planta de buena fe: (1) Si así lo desea puede hacer suya la obra, siembra o plantación, previa la indemnización establecida en los referidos artículos; y (2) de no ejercitar ese derecho, puede obligar al que fabricó o plantó a pagar el precio del terreno, o al que sembró a pagar la renta correspondiente. En el caso de autos la demandante ha optado por hacer suya las obras realizadas sobre el terreno que ella alega le pertenece.

En casos de esta naturaleza la ley no requiere la previa consignación, ni por ende, que en la demanda radicada al efecto se alegue, para que la misma aduzca una buena causa de acción, que tal consignación se ha hecho o que el demandante ha pagado al demandado el valor de la cosa objeto de la acción, es decir, que ha habido indemnización por el demandante al demandado con anterioridad a la radicación de la demanda. Lo que sí provee la ley es que haya la previa indemnización para que el dueño del terreno en que se edifica, siembra o planta de buena fe, pueda hacer suya la obra, siembra o plantación. En otras palabras, el artículo 297, supra, meramente requiere la indemnización previa al que edificó, sembró o plantó de buena fe en terreno

---

([1]) Los artículos 382 y 383 del Código Civil proveen:

"Artículo 382.—Los gastos necesarios se abonan a todo poseedor; pero sólo el de buena fe podrá retener la cosa hasta que se los satisfagan.

"Los gastos útiles se abonan al poseedor de buena fe con el mismo derecho de retención, pudiendo optar el que le hubiese vencido en su posesión, por satisfacer el importe de los gastos o por abonar el aumento de valor que por ellos haya adquirido la cosa."

"Artículo 383.—Los gastos de puro lujo o mero recreo no son abonables al poseedor de buena fe; pero podrá llevarse los adornos con que hubiese embellecido la cosa principal si no sufriere deterioro, y si el sucesor en la posesión no prefiriese abonar el importe de lo gastado."

ajeno para que la accesión quede consumada y el dueño del terreno obtenga el dominio de lo edificado, plantado o sembrado. Véanse sentencias del Tribunal Supremo de España de 2 de enero de 1928 (180 Jurisprudencia Civil 1, 11) ; y 21 de mayo de 1928 (183 Jurisprudencia Civil, 839, 851) ; así como Manresa, Comentarios al Código Civil Español, Tomo III, Sexta Edición, 1934, pág. 216; Sánchez Román, Derecho Civil, Tomo 3, Segunda edición, 1900, pág. 149; y Enciclopedia Jurídica Española por Francisco Seix, Tomo I, pág. 367. En verdad, la consignación o indemnización previas a la radicación de la demanda no son necesarias, toda vez que mientras se tramita la acción en que se reclama el derecho de accesión el demandado continúa en posesión de la cosa y sólo se desprende de ésta cuando se le hace la indemnización que la corte otorga.[2] Sentencia del Tribunal Supremo de España de 8 de julio de 1897 (82 Jurisprudencia Civil 171, 177).

En su consecuencia, lo dicho por nosotros por vía de *dictum* en los casos de *Figueroa* v. *Rodríguez* y *García* v. *García*, respecto a la necesidad de una consignación o indemnización previas a la radicación de la demanda, queda por la presente revocado.

*Debe anularse la resolución dictada por el Tribunal de Distrito de Puerto Rico, Sección de San Juan, con fecha 11 de octubre de 1950.*

---

[2] Según el artículo 382 el poseedor de buena fe puede retener la cosa hasta que se le satisfagan los gastos necesarios en que ha incurrido.