CARLOS ARCHEVALD RODRÍGUEZ, demandante y recurrido, *v.* JUAN CRUZ PABÓN, demandado y recurrente.

Número: 51  Resuelto: 20 de febrero de 1963

*Frank Torres,* abogado del peticionario-recurrente; *Roberto Davis Vázquez,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En el año 1957, Carlos Archevald Rodríguez adquirió por compra a la Ponce Cement Corporation, un solar de 406 metros cuadrados, sito en el barrio Magueyes de Ponce. En dicho solar enclava una casa propiedad del peticionario Juan Cruz Pabón.

Archevald instó demanda de accesión contra Cruz Pabón ante el Tribunal de Distrito, Sala de Ponce. Como defensa el demandado alegó haber adquirido el solar por prescripción extraordinaria.

En el juicio el demandado intentó probar que el referido solar le había sido donado verbalmente por don Julio Chardón y su esposa, dueños anteriores de la finca Paula, de la cual formaba parte el solar en discusión y además que desde la fecha de la donación, allá para 1925 ó 1926, había construido la casa y poseído desde entonces el solar como dueño, públicamente, quieta y pacíficamente.

El Tribunal de Distrito dictó sentencia declarando con lugar la demanda de accesión, luego de concluir que el demandante era dueño del solar, y en apelación dicha sentencia fue confirmada por el Tribunal Superior.

Ante nos, sostiene el demandado peticionario que el Tribunal Superior cometió error 1) al no resolver que él había adquirido el solar por prescripción extraordinaria; 2) al resolver un conflicto de título dentro de la acción de accesión y 3) al no dar cumplimiento al Art. 297 del Código Civil (Ed. 1930).

■ Los errores no fueron cometidos. La prueba del demandante, corroborada en parte por la propia prueba del demandado, demostró que la casa fue construida allá para el año 1935, y como desde dicha fecha es que el demandado ha estado en posesión del solar, no había transcurrido el término estatutario para la prescripción adquisitiva extraordinaria, a la fecha de la interposición de la demanda en el año 1959, aceptando desde luego, a los fines del argumento que dicha posesión estuviera acompañada de los demás re-

quisitos necesarios para adquirir el dominio mediante tal título.

En cuanto al aparente conflicto de título, si es que existía, fue resuelto en contra del demandado, y nada impedía que ello se hiciera en un juicio ordinario de accesión.

La interpretación que da el apelado al Art. 297 del Código Civil, es errónea. El dueño del terreno en que se fabricare tiene el derecho de hacer suya la obra previa la indemnización correspondiente, o a obligar al que fabricó a pagar el precio del terreno. La ley concede la alternativa al dueño del terreno y éste está obligado a elegir entre adquirir la obra y vender el terreno. Si elige adquirir la obra, el dueño de ésta no puede obligarlo a vender el terreno. *Echegaray* v. *Tribunal de Distrito*, 72 D.P.R. 445; *King* v. *Fernández*, 33 D.P.R. 759; revocado por otros motivos en *Viera* v. *Arizmendi*, 74 D.P.R. 38; *Berrocal* v. *Tribunal de Distrito*, 76 D.P.R. 38.

*Por los motivos expuestos, se confirmará la sentencia dictada por el Tribunal Superior.*