Estado Libre Asociado de Puerto Rico, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Luis R. Polo, Juez, demandado; Vicente de Armas, interventor.

*Número*: C-65-122    *Resuelto*: 27 de febrero de 1967

*J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados del peticionario; *Canales & Segarra,* abogados del interventor.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala, y los Jueces Asociados Señores Hernández Matos, Rigau y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Don Vicente de Armas instó una demanda contra el Estado Libre Asociado de Puerto Rico, en la cual alegó ser dueño de un edificio que enclava en un solar propiedad del demandado, con la ubicación, cabida y colindancias que describe; que el demandante interesa adquirir el solar de referencia previo el pago de la suma de $2,769.00 que estima su justo valor. Termina la demanda con la súplica de que se dicte sentencia de conformidad.

Presentó el demandado una moción de desestimación de la demanda por entender que la misma no aducía hechos constitutivos de una causa de acción y sometida mediante memoranda, el Juez de instancia la declaró sin lugar en una resolución que en lo pertinente lee:

"Como se expone en el memorándum del demandante, a los fines de la moción para desestimar se entiende admitido que dicho demandante es un edificante de buena fe de una construcción enclavada en un solar propiedad del demandado. En tal caso las relaciones entre las partes se regulan por las disposiciones del Artículo 297 del Código Civil, que, atento a la deseabilidad de poner fin a la comunidad de bienes resultantes, consagra dos fórmulas: a—Adquisición por el dueño del suelo de la edificación mediante el pago del importe de los materiales invertidos en la construcción así como el monto de la mano de obra (Ramos v. Pueblo, 70 DPR, 619), o b—pago por el dueño de la construcción al dueño del suelo del valor del terreno ocupado. Concede al propietario del suelo, como dueño de la cosa principal, la facultad de escoger la fórmula que se aplicará para poner fin a la indivisión. Pero esto en modo alguno significa que

el dueño de la edificación no pueda intentar poner fin a la indivisión.

No hay duda alguna de que el Estado Libre Asociado puede levantar como defensa que no desea vender el solar sobre el cual enclava la edificación del demandante y que prefiere adquirir la edificación previo el pago de la indemnización correspondiente, pero ello no signfica que el edificante de buena fe no puede intentar ponerle fin a la indivisión y al efecto lograr que el Estado opte por una de las dos soluciones que le concede el artículo 297 citado. Una solución contraria sería dejar al arbitrio exclusivo del Estado el poner fin a la situación de indivisión existente entre las partes."

Expedimos un auto de *certiorari* para revisar esa resolución.

Una vez más nos encontramos frente a la interpretación del Art. 297 del Código Civil (31 L.P.R.A. sec. 1164) (¹) aunque en el nuevo aspecto de si dicho artículo concede al edificante de buena fe en terreno ajeno una causa de acción para obligar al dueño de éste a ejercitar la opción que la ley le concede. Para la fecha de la interposición de la demanda dicho artículo disponía:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en las secs. 1468 y 1469 de este título, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente." (31 L.P.R.A. sec. 1164.) (²)

---

(¹) Dicho artículo ha sido comentado entre otros casos en los de *King* v. *Fernández*, 33 D.P.R. 759; *Echegaray* v. *Tribunal de Distrito*, 72 D.P.R. 445; *Viera* v. *Arizmendi*, 74 D.P.R. 38; *Berrocal* v. *Tribunal de Distrito*, 76 D.P.R. 38; *Toro* v. *Mojica*, 79 D.P.R. 630.

(²) Por la Ley Núm. 56 de 16 de junio de 1964 se enmendó este artículo pero la enmienda no varió el derecho de opción establecido a favor del dueño del terreno pues sólo consiste en variar la forma de determinar la indemnización que pagará al edificante el dueño del terreno si opta por hacer suya la obra.

El demandante-recurrido admite que este artículo, según lo ha resuelto ya este Tribunal, concede una opción al dueño del terreno, en un caso como el de autos, para hacer suya la edificación previa la indemnización correspondiente o para obligar al dueño de la edificación a pagar el precio del terreno.

Arguye, sin embargo, que como el Código Civil se proclama en contra de la indivisión de la comunidad, el referido artículo no impide al dueño del edificio requerir judicialmente al dueño del terreno para que éste ejercite su derecho de opción.

■ El mencionado Art. 297 parte inequívocamente del supuesto de que son distintos los propietarios del suelo y de la estructura y en el conflicto de intereses que por obra de la construcción se plantea, supervalora los derechos de los primeros y les hace árbitros para escoger entre dos soluciones preestablecidas: sobre la base de que lo principal es la superficie ocupada y lo accesorio la construcción. [3] Mas, ¿tendría el dueño de la superficie el arbitrio de optar por una de las dos soluciones que le concede el Código, si pudiera ser forzado a elegir por una de ambas cuando así lo desee el dueño de la edificación? Ni el principio encarnado en el mencionado artículo ni la glosa que del mismo han hecho los comentaristas del derecho civil, [4] nos inclinan a creer que el Código reservó al dueño del edificio la causa de acción que ahora pretende ejercitar.

Sánchez Román se expresa así:

"Las situaciones respectivas del dueño del terreno, en el que un tercero, a su costa, edificó, plantó ó sembró, y el alcance de su derecho, nos parecen perfectamente claros: el primero no puede perder la propiedad de su terreno, cualesquiera que sean las

---

[3] Revista de Derecho Privado, Tomo 31, pág. 444.

[4] El artículo comentado es el 361 del Código Civil Español, equivalente al 297 del nuestro.

novedades de incorporación que éste haya recibido por hechos ajenos, y no basta que se le reconociera ese derecho preferente de adquirir lo edificado, plantado y sembrado. El que edificó, plantó ó sembró no puede invocar su propio hecho como causa de adquisición de un derecho de propiedad, ni el que resulte, no sólo de sus materiales, semillas, árboles, plantas y gastos para el hecho de su incorporación al terreno ajeno, sino de esta incorporación misma, que es cosa distinta; las semillas, plantas ó materiales, y aun los gastos para incorporarlos al terreno, tampoco son cosas iguales al *resultado* que ya incorporados ofrecen, y todo esto es consecuencia de atribuir la propiedad al tercero que probara haber plantado, edificado o sembrado a su costa en terreno ajeno.

Estos hechos, dado el principio de la buena fe, tienen su solución de justicia en la indemnización; y para que este derecho a la propiedad de lo incorporado, previa la indemnización, no resulte una carga forzosa casi imposible de sobrellevar por el propietario de un terreno que se encuentra obligado a ella por la siembra, plantación o edificación que de buena fe hiciera un tercero, era natural que este aspecto estuviera referido a una esfera de *voluntad,* y hasta á cierta condición *facultativa* del terreno, que es todo lo que puede significar la redacción del art. 361, en el pasaje de *tendrán derecho a hacer suya la obra,* etc., así como el *alternativo* de justicia que ha de corresponderle para provocar la solución de ser indemnizado del precio del terreno, por el que edificó, plantó ó sembró en el ajeno con buena fe, haciéndose de este modo, y por voluntad de su dueño, propietario del resultado de aquella incorporación y del terreno en que se verificó. Además, en favor del propietario del terreno, dado el supuesto de la prueba de haberse hecho la plantación, siembra ó edificación por un tercero y a su costa, obra la doctrina jurídica de la *accesión* en una de sus aplicaciones más naturales, produciéndose este fenómeno adquisitivo, que no hay razón alguna para mantener en hipótesis iguales, en favor del tercero que realizó esos hechos y los costeó en dicho terreno ajeno." (Sánchez Román, *Derecho Civil,* Tomo 3, páginas 147, 148.)

▎ Una acción como la ejercitada por el aquí interventor sólo puede tener por objeto el reconocimiento de un derecho desconocido o quebrantado. ¿Qué derecho puede reconocérsele en esta acción? El derecho de opción corresponde únicamente

al propietario del terreno, no al que edificó. Sólo corresponde a este último el derecho a ser indemnizado, si optase el dueño del terreno por hacer suya la edificación, y mientras no se le indemniza, tiene el importantísimo derecho de retención de la edificación. (5)

■■■ De suerte que cuando el dueño del terreno optase por hacer suya la obra son dos los derechos reconocidos al edificante de buena fe: (1) el derecho de indemnización, y (2) el derecho de retención de la cosa hasta que se le indemnice. ¿Tendría además el edificante de buena fe en terreno ajeno el derecho de obligar al dueño del terreno a ejercitar su opción? La ley no le reconoce tal derecho. El dueño de lo edificado puede ejercitar una acción para hacer valer sus derechos de indemnización y de retención cuando el dueño del terreno los ignore o quebrante.

Por otra parte, el Art. 297 no señala plazo o término al dueño del terreno para ejercitar el derecho de opción que le concede dicho artículo. La interposición de una acción judicial para obligarle a ejercer la opción, tiene la consecuencia práctica de señalarle un plazo aunque éste no esté dispuesto por ley con el agravante de que su derecho de opción puede resultar ilusorio, si optando por hacer suya la obra, se ve imposibilitado económicamente de satisfacer a su dueño la indemnización correspondiente. La variación en la fórmula para determinar la indemnización que ha de pagarse al dueño de la obra, establecida en virtud de la Ley Núm. 56 de 16 de junio de 1964, arroja alguna luz sobre la cuestión que discutimos. Dispone la enmienda.

"El dueño del terreno en que se edificare de buena fe, tendrá derecho a hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de

---

(5) Arts. 297 y 382 del Código Civil; *Berrocal v. Tribunal de Distrito*, 76 D.P.R. 38; *Ramos v. Pueblo*, 70 D.P.R. 619; *Rivera v. Santiago*, 56 D.P.R. 381.

reproducción de la misma al momento en que el dueño del terreno ejercitare su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar al que fabricó a pagar el precio del terreno."

Obsérvese que al señalarse en la alternativa como indemnización, el costo de reproducción de la obra, se sitúa ese costo "al momento en que el dueño del terreno ejercitare su derecho," y si la ley no le ha fijado término al dueño del terreno para ejercitar su derecho de opción, no puede fijárselo el dueño de la edificación, que en su consecuencia práctica es a lo que equivaldría la interpelación hecha por el demandante en este caso.

*Se revocará la resolución revisada y se devolverá el caso al tribunal de origen para que dicte sentencia declarando sin lugar la demanda.*