EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Efrón Dorado<br><br>Demandante<br><br>v.<br><br>Alice Ayala Agosto, su esposo Samuel Agosto López, la Sociedad Legal de Bienes Gananciales compuesta por Ambos, Casa Joven del Caribe, Inc.<br><br>  Demandados-Apelantes<br><br>   Municipio de Dorado<br><br>  Demandados-Apelados | Certiorari<br><br>2005 TSPR 173<br><br>166 DPR ____ |

Número del Caso: CC-1999-24

Fecha: 21 de noviembre de 2005

Tribunal de Apelaciones:

Circuito Regional de Bayamón-Panel I

Panel integrado por su presidente, Juez Sánchez Martínez y los Jueces Broco Oliveras y Urgell Cuebas

Abogado de la Parte Apelante:

Lcdo. Nelson Vélez Lugo

Abogada de la Parte Apelada:

Lcdo. Carlos H. Raffucci Caro

Materia:  Acción Reivindicatoria, Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Efrón Dorado, S.E.

    Demandante

        v.

Alice Ayala Agosto, su esposo
Samuel Agosto López, la
Sociedad Legal de Bienes
Gananciales compuesta por
ambos, Casa Joven del Caribe,
Inc.

    Demandados-Apelantes

    Municipio de Dorado

    Demandados-Apelados

CERTIORARI

CC-1999-24

SENTENCIA

San Juan, Puerto Rico, a 21 de noviembre de 2005.

El 20 de septiembre de 1995 Efrón Dorada, S.E. (en adelante Efrón) presentó una acción de reivindicación contra los peticionarios, la Sra. Alice Ayala Agosto, el Sr. Samuel Agosto López y a la sociedad legal de gananciales compuesta por ellos (en adelante Ayala o los esposos Agosto-Ayala), por tener éstos una construcción en terrenos alegadamente pertenecientes a la demandante. La construcción que Ayala ha establecido en el referido terreno se dedica a tratar a personas con problemas de adicción a drogas bajo el nombre de "Casa del Joven del Caribe, Inc.".

Efrón incluyó en la demanda al Municipio de Dorado (en adelante Municipio) por entender que es parte indispensable al ser alegadamente dueño de parte de los terrenos donde ubica la Casa del Joven del Caribe, Inc. Además, porque la demandante alegó que el Municipio debe responder por las actuaciones de Ayala "al no tomar las medidas necesarias para evitar que su vicealcaldesa invadiera terrenos ajenos y edificara de mala fe y clandestinamente."

Efrón solicitó al tribunal la remoción de la estructura y la entrega del solar en las condiciones originales, así como el pago de $100,000.00 por concepto de uso y disfrute de la propiedad, $10,000.00 por daños ocasionados a la demandante y $5,000.00 por concepto de honorarios de abogado.

Los co-demandados, Municipio y Ayala, contestaron la demanda y a su vez presentaron demandas contra coparte. Ayala alegó que el terreno que utiliza para operar Casa del Joven lo obtuvo mediante subasta realizada por el Municipio de Dorado en 1991 en la cual se le otorgó el arrendamiento de dicho terreno perteneciente al Municipio de Dorado. Alegó Ayala que de resultar cierto que Efrón es dueño de dicha propiedad, el Municipio debe responder ya que fue éste quien realizó la subasta y autorizó a Ayala a utilizar el predio. El Municipio por su parte, alegó en su demanda de coparte que Ayala usó y edificó en un terreno propiedad del Municipio de forma ilegal, por lo que debe devolverlo.

El 20 de marzo de 1996, Efrón presentó moción solicitando sentencia sumaria parcial en la cual alegó no haber controversia sobre la titularidad del solar. En reconsideración, el 29 de mayo de 1996, el Tribunal de Primera Instancia dictó sentencia parcial en la que declaró a Efrón

dueña del terreno objeto de la demanda. Determinó que Alice Ayala y su esposo Samuel Agosto López son invasores de una parte sustancial de la finca de Efrón en la cual construyeron una estructura conocida como Casa Joven del Caribe, Inc., por lo cual son edificantes de mala fe, sin derecho a ser indemnizados por la pérdida de lo edificado. Además, el foro de instancia determinó que el Municipio de Dorado responde por las actuaciones de su funcionaria Alicia Ayala por conocer y colaborar con el establecimiento de Casa Joven del Caribe en los terrenos pertenecientes a la demandante.

El tribunal ordenó al matrimonio devolver la finca al estado original, removiendo a su costo todo lo edificado. Dejó para una fecha posterior la adjudicación de los daños.

Ambas partes demandadas presentaron apelaciones ante el foro intermedio, el cual denegó los recursos acogidos como certiorari, sin perjuicio del derecho de apelación que le asistiría a las partes una vez resuelto el caso de forma final.

El 11 de mayo de 1997 se ordenó a los esposos Agosto-Ayala el desalojo de los terrenos pertenecientes a la demandante conforme la determinación del tribunal en la sentencia parcial. El tribunal concedió diez (10) días para ello. Efrón presentó moción solicitando desacato y sanciones contra Ayala por no abandonar su residencia que según alega la demandante, también ubica dentro de los referidos terrenos. Ayala alegó que su residencia no es parte de los terrenos objeto de este pleito, que la misma está sita al otro lado de la carretera y que, además, esa propiedad nunca fue objeto de la demanda ni de ninguna otra etapa del caso. El 12 de noviembre se celebró vista y se concedió un plazo de cuarenta días a los esposos Agosto-Ayala para que un perito examinase el plano y así determinara si la residencia efectivamente ubica en terrenos del Municipio y de la parte demandante. Los peticionarios nada hicieron al respecto.

Así las cosas, el 9 de enero de 1997, el Municipio de Dorado presentó una moción solicitando sentencia sumaria con relación a la demanda de coparte contra Ayala. Argumentó que no había controversia de hecho en cuanto a que la titularidad sobre el solar en disputa pertenece a Efrón y al Municipio. El Municipio alegó que parte de estos terrenos fueron destinados por la Junta de Planificación y ARPE para ser donados al Municipio de Dorado para fines públicos como requisito para la aprobación del proyecto Dorado del Mar Estates, cuya sucesora en derecho es Efrón, quien los adquirió el 25 de septiembre de 1992.

El 14 de abril de 1998, el tribunal inferior dictó sentencia sumaria parcial declarando con lugar la demanda contra coparte del Municipio contra Ayala y denegó la demanda contra coparte de éstos contra el Municipio. Determinó en la sentencia que los terrenos pertenecen a Efrón y al Municipio, por lo que ordenó el desalojo del inmueble. Ayala acudió ante el foro apelativo solicitando revisión. El foro de segunda instancia confirmó la sentencia del Tribunal de Primera Instancia el 30 de noviembre de 1998.

Inconforme con el resultado, Ayala presentó auto de certiorari el 9 de enero de 1999 ante este Tribunal alegando que el foro apelativo erró:

> ...al no determinar que los aquí peticionarios son constructores de buena fe en relación a su residencia.

> ...al determinar que los terrenos en donde enclava la residencia de los aquí peticionarios está comprendido dentro de la causa del caso de epígrafe y están debidamente definidos.

> ...al ordenar la Ejecución de la Sentencia Parcial del caso de epígrafe, procediendo a desalojar las pertenencias y destruir las estructuras de CASA JOVEN DEL CARIBE, INC.

> ...al no conceder a los aquí peticionarios en adición [*sic*] a su derecho de hogar seguro una indemnización por el valor de la residencia por motivo de haber de haber sido edificantes de buena fe.

...al disponer mediante Sentencia Sumaria el caso de epígrafe cuando existen controversias de hechos sustanciales que deben ser dilucidadas en un juicio plenario.

El 5 de marzo de 1999 expedimos el auto y ordenamos a las partes presentar sus alegatos. Con el beneficio de la comparecencia de las partes, se dicta sentencia revocando el dictamen y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Presidente señor Hernández Denton disiente sin opinión escrita. El Juez Asociado señor Rebollo López no intervino y el Juez Asociado señor Rivera Pérez concurre sin opinión escrita. La Jueza Asociada señora Rodríguez Rodríguez no interviene.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo
Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Efrón Dorado, S.E.

    Demandante

    v.

Alice Ayala Agosto, su esposo Samuel Agosto López, la Sociedad Legal de Bienes Gananciales compuesta por ambos, Casa Joven del Caribe, Inc.

    Demandados-Apelantes

    Municipio de Dorado

    Demandados-Apelados

CERTIORARI

CC-1999-24

Opinión de conformidad emitida por la Jueza Asociada SEÑORA FIOL MATTA

San Juan, Puerto Rico, a 21 de noviembre de 2005.

Este es un caso complejo en el cual subsisten controversias sobre hechos esenciales que dificultan la aplicación del derecho. Entre otros, es necesario determinar la ubicación del terreno objeto de la subasta de arrendamiento otorgada por el Municipio de Dorado y adquirida por Ayala y determinar si éste concuerda con el terreno donde se ubicó la Casa Joven del Caribe. Se requiere esta determinación de hechos para poder concluir si la edificación de la Casa del Joven del Caribe fue de buena fe o mala fe y por

lo tanto, si existe derecho a indemización. <u>Berrocal Ferrer v. Tribunal</u>, 76 DPR 38 (1954).[1] Además, en caso de coincidir los terrenos, hay que determinar si el Municipio responde por haber arrendado un terreno del cual no es dueño.

Hay controversia sustancial de hechos relativa a la mala fe o buena fe de Ayala en cuanto a la edificación de su residencia en suelo ajeno y ante la posibilidad de ser poseedor de un derecho de superficie en la propiedad que adquirió mediante contrato de compraventa sobre terreno ajeno. Recordemos que "[e]n Puerto Rico existen pueblos enteros donde los solares pertenecen a los municipios y los edificios sobre ellos construidos a personas particulares. Id, en la página 64. <u>ELA v. Tribunal</u>, 94 DPR 157.

Hay necesidad de establecer si el Municipio de Dorado, como dueño del terreno o de la parte de él, en el cual ubica parte de la residencia,[2] tenía conocimiento de la construcción de la misma, ante la posibilidad de la construcción a "ciencia

---

[1] Véase: artículos 297, 298, 299 del Código Civil:

...El dueño del terreno en el que se edificare de buena fe, tendrá derecho a hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de reproducción de la misma al momento en que el dueño del terreno ejercitarse (*sic*) su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar al que fabricó a pagar el precio del terreno. artículo 297, 31 LPRA sec. 1164.

El que edifica, planta o siembra de mala fe en terreno ajeno, pierde lo edificado, plantado o sembrado sin derecho a indemnización. Artículo 298, 31 LPRA sec. 1165.

El dueño del terreno en el que se haya edificado, plantado o sembrado con mala fe, puede exigir la demolición de la obra o que se arranque la plantación y siembra, reponiendo las cosas a su estado original a costa del que edificó, plantó o sembró. Artículo 299, 31 LPRA sec. 1166.

[2] Nuestro Código Civil dispone expresamente lo que ha de interpretarse como mala fe del dueño del suelo en el que se edifica, planta o siembra. El artículo 300 del Código Civil reza: "[s]e entiende haber mala fe por parte del dueño siempre que el hecho se hubiere ejecutado a su vista, ciencia o paciencia, sin oponerse." 31 LPRA sec. 1167. Los documentos en autos evidencian que los peticionarios contrataron la compra de la edificación original en 1986. La residencia edificada es de cemento y de dos pisos, con un alegado valor de doscientos cincuenta mil dólares ($250,000.00), cuya

y paciencia del dueño", artículo 300 del Código Civil, *supra*. Además, no surge claramente que el terreno donde ubica la residencia esté comprendido en el terreno originalmente objeto de esta demanda.

Todos estos hechos están en controversia y es necesario que se diriman para determinar el derecho correspondiente. La complejidad inherente a una determinación que envuelve tantas controversias de hechos materiales no permite disponer de este caso sumariamente. Sabemos que la sentencia sumaria, mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio cardinal del debido procedimiento de ley. No existe en este caso la claridad fáctica necesaria para disponer de él sin brindarle a las partes su día en corte. Regla 36 de Procedimiento Civil, 32 LPRA Ap. III, R. 36.[3] Asociación de Pescadores de Punta Figueras, Inc. v. Marina Puerto del Rey, res a 18 de diciembre de 2001, 2001 TSPR 174, 155 DPR ___; Jusino Figueroa v. Walgreen, res a 1 de noviembre de 2001, 2001 TSPR 32, 158 DPR ____.

Liana Fiol Matta
Jueza Asociada

---

construcción, evidentemente, no puedo tener lugar en muy corto tiempo.

[3] Debe dictarse sentencia sumaria solamente cuando no hay una controversia genuina sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes, de forma tal, que lo restante sea aplicar únicamente cuestiones de derecho, por lo cual no se requiere la celebración de un juicio en su fondo. Ortiz v. Nationwide, res a 4 de marzo de 2003, 2003 TSPR 32, 158 DPR ___; Santiago Rivera v. Ríos Alonso, res a 7 de febrero de 2002, 2002 TSPR 15, 156 DPR ___; García Rivera v. Enriquez Marlin, res a 2 de febrero de 2001, 2001 TSPR 12. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 DPR 881. Para vencer una moción de sentencia sumaria, corresponde a la parte en contra de quien se presenta mostrar, mediante documentos y declaraciones juradas, la existencia de una controversia sobre los hechos materiales presentados por la parte promovente. Vera Morales v. Bravo Colón, res a 27 de febrero de 2004, 2004 TSPR 30, 161 DPR___.