Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MITZY BELINDA VICENTE BONILLA<br><br>Apelada<br><br>v.<br><br>HÉCTOR LUIS VICENTE BONILLA, et als.<br><br>Apelantes | KLAN202400535 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CY2021CV00439 (Sala 701)<br><br>Sobre: Acción Reivindicatoria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de julio de 2024.

Comparecen el señor Luis Vicente Bonilla, la señora Ada Irma Colón y la Sociedad de Gananciales compuesta por ambos (conjuntamente "apelantes") vía recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Caguas, emitida el 4 de abril de 2024. En dicho dictamen, se ordenó la devolución de un inmueble con su edificación y su respectiva indemnización, menos los pagos hechos y adeudados contributivos sobre la propiedad. Por los fundamentos que expresaremos, confirmamos la *Sentencia* recurrida.

En síntesis, los hechos del caso de epígrafe tratan de una demanda sobre acción reivindicatoria contra los apelantes. Según el expediente, la madre del señor Vicente Bonilla y su hermana, la señora Mitzy Belinda Vicente Bonilla (señora Vicente Bonilla o apelada)

transfirió el 14 de mayo de 1985 una finca a la apelada mediante la Escritura Núm. 55 de compraventa. El señor Vicente Bonilla alega—sin incluir evidencia más allá de una declaración jurada—que posterior a la compraventa, él y la señora Vicente Bonilla acordaron verbalmente intercambiar el solar por otro perteneciente a este. Igualmente declara, sin incluir prueba documental, que le informó a su hermana que estaría construyendo una casa en el solar en controversia, a la cual la señora Vicente Bonilla aceptó verbalmente. Habiéndose construido la edificación entre el año 1999 y 2000, el señor Vicente Bonilla alega y reafirma en su declaración jurada que la apelada conocía de la construcción y lo visitó en varias ocasiones.

No obstante lo anterior, la señora Vicente Bonilla arguye que los apelantes tomaron posesión del solar y construyeron una edificación sin la respectiva autorización, conocimiento, notificación o remuneración dispuesta por ley. Por estos permanecer en el inmueble sin la debida autorización, la señora Vicente Bonilla presentó el 23 de noviembre de 2021 una demanda por acción reivindicatoria y solicitó que el foro primario ordenara la devolución de la posesión del inmueble y la desocupación de este.

Luego de presentarse la alegación responsiva y otros trámites procesales, ambas partes estipularon la perita tasadora, la aplicación del Código Civil de 1930 en la acción reivindicatoria y la doble mala fe, es decir, que a ambas partes se le atenderán como si hubieran procedido de buena fe. Por tanto, la señora Vicente Bonilla presentó una demanda enmendada, en la cual incluyó (1) las referidas estipulaciones; (2) que la apelada realizó pagos por contribuciones sobre el inmueble desde el año 1999, que totalizan dos mil treinta y siete dólares con veinte

centavos ($2,037.20), según los certificados recibidos por el Centro de Recaudación de Ingresos Municipales (CRIM); (3) que a partir de mediados del 2021 el inmueble tiene un balance de tres mil novecientos treinta y uno dólares con noventa y siete centavos ($3,931.97) por concepto de contribuciones en el CRIM; (4) que la apelada optará, al amparo del Artículo 297 del Código Civil de 1930, 31 LPRA ant. sec. 1164, por hacer suya la edificación, previo al pago a los apelantes el costo de los materiales y la mano de obra, o del costo de reproducción de la edificación al momento en que ejercitare su derecho, deduciendo la depreciación; y (5) solicita que se deduzcan los pagos realizados y el balance actual que aparece en el CRIM.

A pesar de la señora Vicente Bonilla argüir que ha realizado pagos por contribuciones al CRIM que totalizan en dos mil treinta y siete dólares con veinte centavos ($2,037.20), esta solamente evidenció un total de mil ciento veinte y cinco dólares con setenta y tres centavos ($1,125.73), entre los años 2010 y 2021. Por razones que no se evidenciaron documentalmente, las contribuciones aumentaron en cantidad adeudada a partir de mediados del 2021.

Posteriormente, luego de la respectiva contestación a la demanda enmendada y otros trámites procesales, la señora Vicente Bonilla solicitó sentencia sumaria. Evaluada esta y su oposición, el foro primario resolvió sumariamente ha lugar a la demanda y ordenó la devolución de la posesión del inmueble a la apelada con todos sus usos, derechos y privilegios, entre otros, y en las mismas buenas condiciones establecidas en la tasación estipulada. Esto último, una vez satisfecho el pago por la parte apelada por la cantidad de setenta y uno mil, seis cientos cuarenta y uno ($71,641.00) dólares, en concepto de costo de

reproducción depreciado, y de la cual se restará los pagos realizados por la apelante al CRIM en cuanto a la edificación y cualquier otra cantidad adeudada al CRIM referente a la estructura computado desde el 1999 hasta la fecha de entrega del inmueble. Posterior a los apelantes solicitar reconsideración y presentarse su respectiva oposición, el foro primario resolvió sin lugar a la moción.

Insatisfechos, los apelantes recurren ante este Tribunal y alegan que el foro primario erró (1) al emitir una determinación en equidad tomando en cuenta la figura de accesión a la inversa y el hecho de que la apelada cometió incuria y, por consecuencia, se debe desestimar la demanda, resolver que los apelantes retendrán la edificación y le pagarán a la apelada el precio del solar, o señalar el caso para juicio donde se presentará evidencia de tales circunstancias; y (2) al no reconocer que la acción de cobro de dinero de lo pagado al CRIM desde el año 1999 al 8 de marzo de 2003 está prescrita, y ordenar que los apelantes paguen las contribuciones de la estructura cuando decidió que la apelada haga suya la edificación.

En su oposición, la apelada arguye que (1) que por haberse estipulado la aplicación del Código Civil de 1930 y la doble mala fe, la apelada tiene derecho a que se le devuelva la posesión del inmueble como antes discutido; (2) que la doctrina de incuria no es aplicable al caso de marras; (3) que el foro primario actuó correctamente al emitir la *Sentencia* sumariamente; (4) que nuestro ordenamiento dispone que el término prescriptivo de las obligaciones de un tercero no comienza hasta tanto un Tribunal emita una sentencia final y firme; (5) que el aumento en los impuestos ante el CRIM hace errónea la premisa que ella es responsable por las contribuciones al ser dueña del terreno; y (6)

que no es posible calcular la cantidad adeudada hasta que los apelantes efectivamente entreguen la propiedad.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Municipio. Autónomo de San Juan et al.*, 2023 TSPR 95 (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Municipio de Añasco v. ASES et al*, 188 DPR 307 (2013)). Véase también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

Ahora bien, se presenta la acción reivindicatoria cuando el propietario de un inmueble desee reclamar al tenedor y al poseedor de este para recuperarlo. Art. 280 del Código Civil de 1930, 31 LPRA ant. sec. 111.[1] Para ello, el promovente debe identificar adecuadamente el objeto, probar que es suyo y que está indebidamente en posesión del

---

[1] Por razón del derecho de reivindicación del presente caso haber nacido antes de que el Código Civil de 2020 entrara en vigor, se utilizará el Código Civil del 1930 para fundamentar nuestros criterios.

demandado. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142 (2006) (citando a Art. 280 del Código Civil de 1930, *supra*; *Pérez Cruz v. Fernández*, 101 DPR 365 (1973); *Arce v. Díaz*, 77 DPR 624 (1954)). Igualmente está obligado a (1) probar su título sin descansar exclusivamente en los vicios que tenga el título del promovido; y (2) demostrar que el inmueble que reclama es el mismo que surge de los documentos, títulos y demás medios de evidencia en que basa su pretensión. Íd. (citando a *Meléndez v. Almodóvar*, 70 DPR 527 (1949)). Véase, también, *Castrillo v. Maldonado,* 95 DPR 885 (1968) (citando a J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7.ª ed., Madrid, Ed. Reus, 1952, T. III, pág. 138); *ELA v. Pérez Valdivieso*, 83 DPR 863 (1961); *Velázquez v. Velázquez*, 82 DPR 619 (1961)). En respuesta, le corresponde al demandado señalar y probar su mejor título. *Ramírez Quiñones v. Soto Padilla*, *supra* (citando a *Arce v. Díaz*, 77 DPR 624, *supra*). Sin embargo, aunque la acción reivindicatoria es imprescriptible, en términos reales tal acción prescribe a los treinta (30) años en tanto el poseedor no haya completado los requisitos para usucapir, es decir, cuando haya jugado mala fe y sin justo título. *Atanacia Corp. v. JM Saldaña, Inc.*, 133 DPR 284 (1993) (citando a Arts. 1859 y 1863 del Código Civil de 1930, 31 LPRA ant. secs. 5280, 5293)

Por su parte, nuestro ordenamiento dispone que toda propiedad, ya sea mueble o inmueble, lleva consigo el derecho por accesión, es decir, el derecho de adquirir lo que tal propiedad produce o se les une o incorpora, natural o artificialmente. Art. 287 del Código Civil de 1930, 31 LPRA ant. sec. 1131. Véase, también, Art. 294 del Código Civil de 1930, 31 LPRA ant. sec. 1161; *Laboy Roque v. Pérez et al.*,

181 DPR 718 (2011) (citando a J. Puig Brutau, *Compendio de Derecho Civil*, Barcelona, Ed. Bosch, 1989, Vol. III, pág. 123). Mientras tanto, la accesión a la inversa, al amparo del Código Civil de 1930, opera cuando la edificación construida adquiere primacía sobre el terreno y, por efecto, el dueño de la estructura tiene derecho a apoderarse del suelo, siempre y cuando concurran los siguientes requisitos: (1) que quien pretenda la accesión a la inversa sea el titular de lo construido; (2) que el edificio se haya construido en parte en suelo ajeno y en parte en suelo que pertenezca al edificante; (3) que las dos partes del suelo formen con el edificio un todo indivisible; (4) que el edificio, unido al suelo del edificante, tenga un valor superior a los del suelo invadido; y (5) que el edificante haya procedido de buena fe. Véase Art. 1304 del Código Civil de 1930, 31 LPRA ant. sec. 3644. Véase, también, *Torres Vélez v. Soto Hernández*, 189 DPR 972 (2013); *Laboy Roque v. Pérez et al.*, *supra*; *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193 (2006) (citando a Art. 294 del Codigo Civil de 1930, *supra*; *Calvo Mangas v. Aragonés Jiménez*, 115 DPR 219 (1984)).

Además de lo anterior, el dueño del terreno en que se edificare de buena fe tendrá derecho y la obligación de elegir entre (1) hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, o del costo de reproducción de la misma al momento en que el dueño del terreno ejercitarse su derecho, deduciendo la depreciación, lo que resultare mayor; o (2) a obligar al que fabricó a pagar el precio del terreno. Art. 297 del Código Civil de 1930, *supra*; *Archevald Rodríguez v. Cruz Pabón*, 87 DPR 430 (1963) (citando a *Echegaray v. Tribunal de Distrito*, 72 DPR 445 (1951); *King v. Fernández*, 33 DPR 759 (1924)). Véase, también, *PR Freight System,*

*Inc. v. Corp. para el Desarrollo de las Exportaciones de PR et al.*, 187 DPR 42 (2012). Tal derecho de opción corresponde únicamente al propietario del terreno y, por tanto, solo le corresponde al edificante de buena fe el derecho a ser indemnizado, si optase el referido dueño por hacer suya la edificación. *ELA v. Tribunal Superior*, 94 DPR 157 (1967).

Sin perder de vista lo discutido hasta ahora, la doctrina de incuria consiste en la dejadez o negligencia en el reclamo de un derecho, la cual opera en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa y, en efecto, obra como un impedimento en una corte de equidad. *PR Asphalt, LLC v. Junta de Subastas del Mun. de Naranjito*, 203 DPR 734 (2019); *Molini Gronau v. Corp. PR Dif. Pub.*, 179 DPR 674 (2010). La aplicación de esta doctrina requiere de un análisis sosegado de los hechos y circunstancias particulares de cada caso, ya que la incuria está vinculada a la idea fundamental de la equidad, pero por lo cual no se puede adaptar de manera automática. *PR Asphalt, LLC v. Junta de Subastas del Mun. de Naranjito*, *supra*; *García Sierra v. Adm. de Corrección y Rehabilitación*, 192 DPR 936 (2015); *Pérez, Pellot v. JASAP*, 139 DPR 588 (1995). Por consiguiente, debe considerarse (1) si existe alguna justificación para la demora; (2) el perjuicio que tal acarrea; y (3) el efecto sobre los intereses públicos y privados envueltos. *PR Asphalt, LLC v. Junta de Subastas del Mun. de Naranjito*, *supra* (citando a *Alonso Piñero v. UNDARE, Inc.*, 199 DPR 32 (2017)). Sin embargo, la incuria solo aplica cuando no existe un término reglamentario o en ley para realizar determinada acción, o cuando existe un término que no se notificó debidamente, todo por lo cual

deben los tribunales regirse por el criterio de un término razonable. *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311 (2012) (citando a *Pueblo v. Valentín*, 135 DPR 245 (1994)).

Con respecto a las contribuciones sobre inmuebles, el *Código Municipal de Puerto Rico* (*Código Municipal*) define la propiedad como cualquier bien material o derecho sujeto a dominio y que incluye, en el caso de inmuebles, las tierras, los solares, las casas y otras construcciones y mejoras adheridas al suelo, así como todo que esté unido al inmueble, de manera fija y que no pueda separarse del él sin quebrar o causar el deterioro del objeto. Art. 8.001(211) de la Ley Núm. 107-2020 (21 LPRA sec. 8351). Aquellos dueños de propiedades para fines residenciales quedan exonerados del pago de la contribución especial y básica, y de las contribuciones sobre propiedad impuestas por los municipios para cada año económico, hasta quince mil ($15,000.00) dólares en equivalencia contributiva de la valoración de la propiedad. Arts. 7.025, 7.026 y 7.035 de la Ley Núm. 107-2020 (21 LPRA secs. 7982, 7983, 7992). Sin embargo, tal exoneración se limita a una sola vivienda en todos los casos en que un mismo dueño tenga más de una propiedad, además de que la estructura esté siendo utilizada como vivienda por su dueño o su familia para el primero (1ro) de enero del correspondiente año. Íd. Igualmente, este beneficio se limita a que se presente en el CRIM una certificación que acredite el cumplimiento de todos los requisitos dispuestos en el *Código Municipal* y que el contribuyente no adeude cantidad alguna por concepto de contribuciones sobre la propiedad inmueble al primero (1ro) de enero con anterioridad al año fiscal para el cual se solicita. Íd.

Por último, y atinente al tema de prescripción, nuestro ordenamiento ha señalado que, bajo el Código Civil de 1930, el término prescriptivo para montar una acción personal de cobro de dinero es de quince (15) años, debiendo contarse a partir del día en que la sentencia sea final y firme en caso de que el referido cobro emane del resultado de un pleito ajeno, es decir, mediante un mandamiento de ejecución. *Komodidad Dist. v. SLG Sánchez et al.*, 180 DPR 167 (2010) (citando la Regla 51.2 de Procedimiento Civil, *supra*; *ELA v. Cole Vázquez et al.*, 164 DPR 608 (2005) (citando a *ELA v. Soto Santiago*, 131 DPR 304 (1992)); *Valiente Granda v. Buxó*, 68 DPR 132 (1948).

En este caso, el Tribunal de Primera Instancia actuó correctamente. Según discutimos, los apelantes no probaron fehacientemente que el acuerdo verbal entre el señor Vicente Bonilla y la apelada existió, por lo cual no poseyó el inmueble en controversia con justo título. Asimismo, la acción reivindicatoria se presentó dentro del término prescriptivo dispuesto por ley, es decir, dentro de los treinta (30) años requeridos cuando obra mala fe y se carece de justo título. Aparte de lo anterior, la edificación se construyó totalmente en suelo ajeno, por lo cual es inaplicable el derecho de la accesión a la inversa en la presente controversia. Por tanto, al no haber otras controversias de hechos y al amparo del Artículo 297 del Código Civil de 1930, la señora Vicente Bonilla tiene el derecho hacer suya la obra, previo el pago al dueño de la obra del costo de los materiales y la mano de obra, deduciendo la depreciación.

En torno al planteamiento del cobro de dinero, el Tribunal de Primera Instancia también actuó correctamente. El término prescriptivo de la acción de cobro de dinero en el presente caso no comenzará hasta

que la *Sentencia* sea final y firme, por lo cual la apelada presentó la enmienda a su demanda oportunamente. Además, el *Código Municipal* dispone que la propiedad de un dueño incluye la casa y cualquier otra construcción adherida al suelo, de manera que las contribuciones pagadas y todavía adeudadas por la apelada comprende el terreno y la estructura en controversia. Desde luego, viendo que los apelantes construyeron y vivieron en suelo ajeno desde aproximadamente el 1999 sin remunerar a la apelada, corresponde restar tales contribuciones de la indemnización dispuesta por el citado Artículo 297 y la propia determinación emitida acertadamente por el Tribunal de Primera Instancia.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones